Jacob D. Scott and Fannie J. Scott, Plaintiffs, *v.* Natale Finocchiaro and Angelina Finocchiaro, Defendants.

Supreme Court, Monroe Equity Term, March, 1922.

Real property — reformation of deed — failure to show mutual mistake as to boundary lines prior to execution of deed — line running through house not intended to be conveyed — alternative relief given grantor.

In an action for the reformation of a deed because of a mistake in the description of one of the boundary lines, plaintiff must establish by clear and convincing proof that the line was so described contrary to the intention of the parties and through a mutual mistake.

Plaintiff bought a parcel of vacant land at the northeast corner of an avenue and a parkway; the southerly line of the lot, forty-five feet in length, was the north line of the avenue; its westerly line, measuring one hundred and forty feet, was the easterly line of the parkway. Upon each end of the lot, which was of equal width throughout its entire length, plaintiff built a dwelling house. A contract to convey the south portion to defendant gave the dimensions of the property as about forty-five feet on the avenue and about eighty-five feet on the parkway, but while in the deed executed and delivered in fulfillment of the contract the land was bounded " northerly by the line parallel with the northerly line of said lot and fifty-five feet southerly therefrom," no dimensions were given. After discovery that a part of the house on the north end of the original parcel was south of the north boundary line of the premises conveyed to defendant, an action for the reformation of the deed was brought by plaintiff whose testimony that he and defendant measured the lot before the contract to convey was entered into was corroborated by the testimony of others; witnesses for the defendant testified that the measuring was done after the delivery of the deed. It also appeared that when the houses were built plaintiff gave to a savings bank a separate mortgage on each parcel in both of which mortgages the original lot was so divided that the southern lot extends eighty-five feet northerly from the avenue. *Held,* that plaintiff had not shown by that weight of evidence demanded in such an action that the measurements antedated the deeds and the court could not grant the relief asked as the only mutual mistake was that both parties were ignorant that the north line, as described in the deed, would cut through the north house.

The court, however, is not powerless, for while it cannot make a new contract for the parties it may rescind the one made and restore the parties to their former status, either by dismissing the complaint and leaving the plaintiff to bring a new action, or by presently granting alternative relief, which latter method seems preferable, and indicates that defendant cannot remain in possession of an advantage to the greatly incommensurate disadvantage to the plaintiff.

Upon the statement of plaintiff's counsel that if the north line is fixed three feet from the south wall of defendant's house, it would be acceptable in the absence of better treatment, the plaintiff is given an interlocutory judgment that the deed be rescinded on his making reparation to defendant in an amount to be determined as in said judgment directed unless within ten days after service of said judgment defendant consents in writing that said deed be reformed by changing the north boundary line of the parcel of land conveyed to him thereby to a distance of sixty-one feet from the northern boundary of the original lot and upon confirmation of the report of a referee to take the testimony the plaintiff to have final judgment accordingly.

ACTION to reform a deed executed by the plaintiffs to the defendant Natale Finocchiaro conveying certain real property in the city of Rochester.

*Harry A. Sessions,* for plaintiffs.

*John F. Kinney,* for defendants.

STEPHENS, J.   The plaintiff, Jacob D. Scott, bought a parcel of vacant land situated on the northeast corner of Jones avenue and Parkway, in the city of Rochester; the southerly line of said lot, 45 feet in length, was the north line of said avenue; its westerly line, measuring 140 feet, was the easterly line of Parkway; the lot was of equal width throughout its entire length; after becoming the owner of the land said Scott built two dwelling houses, one upon the northern end of the lot and the other upon the southern end.

On or about December 2, 1920, the said plaintiff executed and delivered to the defendant Natale Finocchiaro a deed conveying the south portion; the land so conveyed was bounded " northerly by the line parallel with the northerly line of said lot and fifty-five feet (55) southerly therefrom."

Before the deed was executed the plaintiff, Mr. Scott, and the defendant Natale Finocchiaro entered into a contract for the purchase and sale of the premises in the form of an offer made by the latter and accepted by the former; in the contract the dimensions of the property to be conveyed were given as about forty-five feet on Jones avenue and about eighty-five feet on Parkway; in the deed no dimensions of the lot conveyed were given, the boundary lines only being described and its dimension measured north and south was indicated only by locating the north boundary lines fifty-five feet south from the north line of the original lot, the depth of which was one hundred and forty feet; by computation the parcel conveyed was, therefore, eighty-five feet on Parkway.

It was afterward discovered that a part of the house on the north end of the original lot was south of the north boundary line of the premises deeded to the said defendant.

This action is brought to reform the deed by shifting the said north boundary line as located by the deed eleven feet southward; the action was tried in March, 1921, and finally submitted in August following.

The established rule applicable in cases of this character is that it is incumbent upon the plaintiffs if they be entitled to the desired relief to establish by clearly convincing proof not only that there is a mistake in the deed describing the north boundary line of the

lot but also that said line was so described in the deed contrary to the intention of both parties and through a mutual mistake. *Nevius* v. *Dunlap*, 33 N. Y. 676; *Southard* v. *Curley*, 134 id. 148; *Allison Bros. Co.* v. *Allison*, 144 id. 21.

It is obvious that there has been a mistake; both parties, however, believed that the parcel that was to be conveyed measured eighty-five feet on Parkway; there was no mistake in that; neither supposed that any part of the north house and the land on which it stood was to be conveyed or was conveyed; there is no mistake in that; the only mutual mistake arose from the circumstance that both parties were ignorant that the north line as described in the deed would cut through the north house.

Mr. Scott testified that he and defendant measured the lot before the contract to sell was made; that at a distance of eighty feet from the south line he drove a stake and told plaintiff the north boundary would be the line at that point and that he also measured sixty feet from the north line of the original lot to the said stake; other witnesses were called whose testimony tended to corroborate that given by the plaintiff; witnesses for the defendants testified to the effect that the measuring was done after the deed was given; both Mr. Scott and Mr. Finocchiaro testified that the former offered $500 to repair the blunder; if the fact can be said to be established that the actual location of the north line was agreed upon it would go far to relieve the vendor from his predicament; but having in view that at the time the houses were built Mr. Scott gave to a savings bank two separate mortgages, one on each parcel, and in them the original lot is divided so that the southern one extends eighty-five feet northerly from Jones avenue, I am of the opinion that the plaintiff has not shown by that weight of evidence demanded in actions of this character that the measurements antedated the deed. *Southard* v. *Curley, supra.*

The contract mutually assented to provided that the defendant should have a lot of the dimensions forty-five feet by eighty-five feet; there was no contract, at any time, for the purchase and sale of a lot forty-five feet by seventy-four feet; to diminish the area of the premises conveyed would deprive the said defendant of that which he intended to buy and which the plaintiff intended to sell to him; but the plaintiff did not intend to sell nor did the defendant intend to buy a part of the north house; the mistake is not in the terms of the contract but in the practical effect of the contract as made. *Curtis* v. *Albee*, 167 N. Y. 360.

Equity cannot alleviate the distress of the plaintiffs on the discovery of the effect of the mistake by making a new contract, nor by like means minimize any advantage the defendants may

have gained by the unexpected acquisition of a small fraction of a house; but equity is not powerless; while it cannot make a new contract for the parties it may rescind the one they made and restore them to the former status; the plaintiffs have not asked for that relief and the defendants would probably resist it; two courses are open, either to dismiss the complaint and leave the plaintiffs to bring a new action or now to grant alternative relief; the latter method seems preferable and there is authority sanctioning it. Williston Cont. §§ 1549, 1557.

The procedure is somewhat awkward; it has the merit, at least, of indicating that the defendants cannot remain in possession of an advantage to the greatly incommensurate disadvantage to the plaintiffs.

The situation can be met only by changing the aggressive north line or by moving the north house; Mr. Scott can do neither, but either Mr. Finocchiaro can permit; counsel for Mr. Scott states in his brief that if the north line is fixed three feet from the south wall of the house it would be acceptable, in the absence of better treatment.

The plaintiffs are entitled to interlocutory judgment directing that said deed be rescinded on plaintiffs' making reparation to the defendants in an amount to be determined as herein and in said judgment directed, unless within ten days after service of said judgment, defendants consent in writing that said deed be reformed by changing the north boundary line of the parcel of land conveyed thereby to a distance of sixty-one feet from the north boundary of the original lot. On terms to be fixed as herein and in said judgment directed; said judgment to designate a referee to take testimony and report to the court the terms on which either the rescission or reformation of the deed should be had and on the confirmation of such report the plaintiffs to have final judgment accordingly, the question of costs being reserved until the coming in of the referee's report.

Appropriate findings may be presented for signature in accordance herewith.

Judgment accordingly.